UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARITA PEREZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 24-30079-KAR |
| DEPARTMENT OF FAMILIES, et al., | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

ROBERTSON, U.S.M.J.

*Pro se* plaintiff Margarita Perez ("Plaintiff") brings this action against the Massachusetts Department of Children and Families ("DCF"), DCF caseworker Cassie Dawn, and the Springfield Police Department, alleging that the defendants are responsible for her children being removed from her custody or otherwise being unlawfully separated from her. (Doc. No. 1). Plaintiff has also filed a motion for leave to proceed *in forma pauperis.* (Doc. No. 2). For the reasons stated below, the Court will grant the *in forma pauperis* motion and direct Plaintiff to file an amended complaint.

I.      **Motion for Leave to Proceed** *in Forma Pauperis*

Upon review of the motion for leave to proceed *in forma pauperis*, the Court finds that Plaintiff has sufficiently show that she is without income or assets to pay the $405 filing fee. Accordingly, the Court GRANTS the motion.

II.     **Review of the Complaint**

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to a preliminary screening under 28 U.S.C.§ 1915(e)(2).  This statute authorizes federal courts to

dismiss an action in which a plaintiff is proceeding *in forma pauperis* if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Because Plaintiff is representing herself, the Court construes her complaint more liberally than a pleading drafted by a lawyer. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).[1]

As set forth below, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted and directs Plaintiff to file an amended complaint if she wishes to proceed with this action.

A.  **"Short and Plain Statement of the Claim"**

A complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015 (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008)); *see also Twombly*, 550 U.S. at 555 ("short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original) (citation omitted)). This means that a pleading needs to contain "enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests,'" *Silverstrand Invs. v. AMAG Pharm.,*

---

[1] The Court notes that the text "tribal counselor ra dias deapocalypse bey" is written below Plaintiff's name in the title of the complaint. It is unclear who "ra dias deapocalypse bey" is and what role this person has in the litigation. While Plaintiff may represent herself in this action, she cannot be represented by someone who is not a licensed attorney, and any such person cannot file a pleading or other document in her name and cannot appear on her behalf in court.

*Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original), or, in other words, the statement of the claim "must 'at least set forth minimal facts as to who did what to whom, when, where, and why,'" *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004)).

Here, Plaintiff's complaint does not set forth a "short and plain" statement of her claim. She has provided very little concrete information about her claim. Plaintiff submitted her complaint using a form titled "Complaint for a Civil Action," which form the Administrative Office of the United States Courts offers. Under the section of this form titled "Statement of Claim," the litigant is directed to "[s]tate how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct." Compl. at 4. The litigant is also instructed, "If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attached additional pages if needed." *Id.*

In this field, Plaintiff wrote: "[F]or years the DCF Department of children and families [has] been making false allegations against me to take my children and I will win the case [and] get my children back just for the DCF to make another false allegation just to take my children again infringing on my US constitutional protected rights 1st, 2nd, 4th, 5th, and 14th amendments." *Id.* Plaintiff attached to the form complaint twenty-eight pages of typed text that do not offer any specific factual allegations about her claim. In these pages, Plaintiff sets forth different versions of her general claim of false allegations about her children, having her children taken away from her, and violations of constitutional rights, but the pleading does not "set forth minimal facts as to who did what to whom, when, where, and why." *Calvi*, 470 F.3d at 430

3

(quoting *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d at 68).  These pages of the complaint also discuss various Supreme Court cases and even announce, "Before you or multiple Public Official(s) can proceed any further you Public Official(s) will need to provide a copy of your oath of office," and that [f]ailure to provide a copy of proof of office you can and Will be punished under [federal law]." *Id.* at 16-17.  Plaintiff dedicates at least ten pages to reciting federal criminal statutes, *id.* at 18-23, 25-28, and she poses forty-six questions that appear to be directed at the defendants, including: "Are you aware that it is a high crime to break your oath of office?" (Question #7); "Are you aware that taking children from their true birth mother and father under any reason is infringement on the true birth mother['s] and true birth father['s] . . . US Constitutional protected rights?" (Question #25): "Are you aware that the US dollars are nothing more than debt notes?" (Question #31); and "Are you aware that using legalese on anyone is a crime?" (Question #46), *id.* at 28-33.

If Plaintiff wishes to proceed with this lawsuit, she her complaint must meet the threshold requirement of setting forth a "short and plain" statement of her claim in which she identifies in a clear manner the alleged facts of her claim.  Legal argument and other extraneous matters (such as oaths of office, United States currency, and questions for the defendants) are irrelevant and distract from the purpose of a complaint.

**B.      "Showing that the Pleader Is Entitled to Relief"**

In addition to providing "short and plain statement of the claim," a complaint must "show[] that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In other words, Plaintiff's factual allegations, treated as true, must allow the Court to reasonably infer that the defendants are liable to her.  In determining whether a complaint meets this requirement, a court

considers only "well-pleaded" factual allegations. Allegations that consist merely of "labels and conclusions" are not credited. *Twombly*, 550 U.S. at 555.

Thus, if Plaintiff wishes to pursue this action, she must file an amended complaint in which she identifies the alleged misconduct of each defendant, providing sufficient factual allegations which, treated as true, reasonably infer that each defendant is liable to her. Plaintiff is not required to use a form complaint. The amended complaint must clearly be titled "Amended Complaint." The caption of the amended complaint must name all the parties, and the claims in a pleading must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(a), (b).

As an amended complaint completely replaces the original complaint, Plaintiff must include her amended complaint any claims (including relevant factual allegations) she wishes to be part of the operative complaint—even those already set forth in her original complaint. *See Newman v. Lehman Brothers Holdings, Inc.*, 901 F.3d 19, 27 n.8 (1st Cir. 2018) ("An amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case.") (quoting *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008) (citations omitted))).[2]

### C. Eleventh Amendment Immunity of the Commonwealth

Pursuant to the Eleventh Amendment to the United Status Constitution, a state (including its agencies, such as DCF) has immunity from suit in a federal court unless (1) the state has waived its immunity; or (2) Congress has abrogated the state's immunity. *See Va. Off. for Protection & Advoc. v. Stewart*, 563 U.S. 247, 253-54 (2011). Here, Plaintiff does not identify,

---

[2] Plaintiff has filed an unsigned motion to correct the name of one of the defendants. (Doc. No. 4). Because Plaintiff can correct the name of this defendant in her amended complaint, the motion shall be terminated as moot.

nor can the Court discern, a claim for which Congress abrogated or the Commonwealth has waived the state's Eleventh Amendment immunity. In addition, a state is not subject to liability under § 1983 in a state or federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). If Plaintiff elects to file an amended complaint, she should consider the Eleventh Amendment immunity of DCF and that DCF is not subject to suit under 42 U.S.C. § 1983.

### III.   Conclusion

For the foregoing reasons, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. The Court directs Plaintiff to file an amended complaint which contains a short and plain statement of her claim, shows that she is entitled to relief, and complies with other above-discussed requirements for the pleading. Failure to do so within thirty-five (35) days of the date of this order could result in dismissal of this action by a District Judge.

3. The motion to correct the name of a defendant shall be terminated as moot.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Katherine A. Robertson
　　　　　　　　　　　　　　　　　　　　　　　KATHERINE A. ROBERTSON
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

DATED:  August 19, 2024